**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TERRY OGEERALLY,**

          **Plaintiff,**

**-vs-**                              **Case No. 6:04-cv-1055-Orl-28DAB**

**HOME DEPOT USA, INC.,**

          **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION OF DEFENDANT HOME DEPOT USA, INC. TO COMPEL RESPONSES TO WRITTEN DISCOVERY FROM PLAINTIFF (Doc. No. 19)**
>
> **FILED:** April 11, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED as set forth herein**.

Plaintiff filed suit against his former employer, Home Depot USA, Inc., alleging race and nationality discrimination. Defendant's Motion to Compel seeks an order compelling Plaintiff to respond to discovery (interrogatories and requests for production) served on Plaintiff on January 24, 2005; Plaintiff's responses were due on February 23, 2005.

Despite several follow up letters from Defendant, Plaintiff's counsel failed to respond to the request for production and has belatedly and inadequately responded to the interrogatories. *See* Doc.

No. 19, Ex. B, C, E, G.  Plaintiff's counsel's motion to "stay proceedings in order to give plaintiff time to hire new counsel" was denied by Judge Antoon on April 26, 2005.  Doc. No. 21.  Plaintiff's counsel filed a Response[1] to the Motion to Compel stating that Plaintiff's counsel "made his best efforts to work with the client to obtain all the documents requested by the Defendant," but "Plaintiff is a foreign national and was unclear as to the urgency of the documents, therefore there was a delay in returning the documents as requested."  Doc. No. 24 ¶ 2-3.  The Response also states that Plaintiff will be forwarding additional documents to Defendant's counsel "immediately."  *Id.*

Pursuant to Federal Rule of Civil Procedure 37, the Court may impose discovery sanctions, including dismissal, when the party "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2).[2]  Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process.  *Gratton v. Great American Communications*, 178 F.3d 1373, 1374-1375 (11th Cir. 1999) (affirming dismissal of suit for discovery abuse where trial court found that plaintiff bore "substantial responsibility" for the delays in discovery and that the defendants were not at all at fault).

Rule 37(b)(2) provides a range of sanctions that a district court may impose upon parties and their attorneys for failure to comply with the court's discovery orders.  It provides that the court, in its discretion, may impose, among others, the following sanctions: (1) the court may order that disputed facts related to the violated order be considered established in accordance with the claim of the party obtaining the sanctions order; (2) the court may refuse to permit the violating party to raise

---

[1] Plaintiff's original "Response" was timely filed but stricken because it was just a duplicate of Defendant's Motion.  The amended Response was then filed on April 29, 2005, as ordered by the Court.  Docs. No. 23, 24.

[2] Rule 41(b) also authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules.  *See* Fed. R. Civ. P. 41(b).

certain defenses, or it may prohibit that party from opposing certain claims or defenses of the party obtaining the sanctions order; (3) the court may strike any pleadings or any parts of the pleadings of the violating party, stay the proceedings, or even dismiss the action or enter a judgment of default against the violating party; and (4) the court may consider the violation a contempt of court." Fed. R. Civ. P. 37.

In this case, Plaintiff's compliance with Defendant's discovery requests has come later that the Rules allow, and at a cost to Defendant who has had to file this Motion to Compel. Plaintiff belatedly agreed to produce the documents responsive to the request for production after the Motion to Compel was filed. Although Defendant should not have to use a deposition to do it, Defendant may ascertain the information sought in the written interrogatories (within Plaintiff's knowledge) during Plaintiff's deposition (Interrogatories 1, 2, 3, 5, 6, 13, 14, 15). However, as Defendant requests, Plaintiff will not be allowed to schedule any depositions until after Defendant has taken Plaintiff's deposition with the presence of Home Depot's preferred corporate representative, who is on leave until the middle of May.

It is **ORDERED** that 1) Plaintiff shall pay to Defendant a sanction of $250 for its reasonable costs and attorney's fees incurred in filing this Motion to Compel; 2) Defendant shall be allowed to depose Plaintiff for one additional hour to accommodate the additional information Plaintiff failed to provide in interrogatory responses; 3) Plaintiff shall not schedule any depositions (aside from agreeing to be deposed himself) prior to May 31, 2005; and 4) Plaintiff shall produce the additional documents that counsel is representing will be produced "immediately" by May 5, 2005. To the extent Defendant seeks any additional monetary sanctions for these discovery violations, Defendant may raise the issue at the close of discovery, depending on circumstances as they exist at that time.

**DONE** and **ORDERED** in Orlando, Florida on May 2, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record